IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Cardonal Anna Vines Carter,   :

    Plaintiff,   :

  v.   :   Case No. 2:12-cv-1152

    :   JUDGE ALGENON L. MARBLEY
Riverside Methodist Hospital,   Magistrate Judge Kemp
    et al.,   :

    Defendants.   :

REPORT AND RECOMMENDATION

Plaintiff, Cardonal Anna Vines Carter, a non-prisoner *pro se* litigant, filed this action asking for leave to proceed *in forma pauperis*. Ms. Carter qualifies financially for *in forma pauperis* status, so her motion for leave to proceed (Doc. 1) is granted. However, the Court will recommend that the complaint be dismissed as frivolous.

I.

28 U.S.C. §1915(e)(2) provides that in proceedings in forma pauperis, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal

district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. See Haines v. Kerner, 404 U.S. 519 (1972). The Court is required to review Ms. Carter's complaint under these standards.

II.

Ms. Carter's complaint, like the one which she filed against this same defendant in Case No. 2:12-cv-914, appears to relate to something which happened while she was a patient at Riverside Methodist Hospital, the named defendant. According to the complaint, while Ms. Carter was at the hospital, people kept putting something (the complaint appears to allege "sakes" although the Court is not sure what is meant by this) on her and her bed, and did so again when she returned to the hospital for another night. She seeks the death penalty for "all involved" and also eight trillion dollars in damages.

A fundamental problem with the complaint is its failure to address the basis of this Court's jurisdiction. There is simply no federal-law based claim alleged. Absent a federal claim, the other possible basis for jurisdiction would be diversity of citizenship. The relevant diversity jurisdiction statute, 28 U.S.C. §1332(a), says that a federal court can exercise jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between- (1) citizens of different States ...." In order for a civil action to be "between ... citizens of different states" as that phrase is used in §1332(a)(1), all of the plaintiffs must be citizens of a state or

states different from the state of citizenship of any of the defendants.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)("The current general-diversity statute, permitting federal district court jurisdiction over suits for more than $50,000 [now $75,000] 'between ... citizens of different States,' 28 U.S.C. § 1332(a)... applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Riverside Methodist Hospital would appear to be a citizen of the State of Ohio, as is Ms. Carter, so there is no diversity jurisdiction.

In other cases filed by Ms. Carter, the Court has been very liberal in granting her an opportunity to amend her complaint to attempt either to state a cognizable claim or explain why the Court has jurisdiction.  She has now filed eleven cases since August 28 of this year.  Five have already been dismissed as frivolous.  Three of them have named Riverside Methodist Hospital as a defendant.  If Ms. Carter has a valid claim against that defendant, she certainly would have been able to state it by now. She has not.  Therefore, the Court recommends that this new case be dismissed as frivolous, and that the Court consider whether to impose filing restrictions on Ms. Carter for future cases.

III.

For all of these reasons, the motion for leave to proceed *in forma pauperis* (#1) is granted.  It is further recommended that this case be dismissed as frivolous under 28 U.S.C. §1915(e)(2).

IV.

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made,

together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

     The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).


                                                 <u>/s/ Terence P. Kemp</u>
                                                 United States Magistrate Judge